THE STATE OF OHIO, APPELLEE, *v.* CLARE, APPELLANT.

(No. 2442—Decided April 27, 1951.)

Mr. *John Rossetti,* prosecuting attorney, and *Mr. Foster J. Fludine,* for appellee.

*Messrs. Amerman, Jones & Morgan* and *Mr. D. Q. Gennett,* for appellant.

Montgomery, J.  The appellant was convicted in the Court of Common Pleas of Stark County of the crime of murder in the second degree and was sentenced accordingly.  This appeal ensued.

We have read the record in this case and considered all the alleged errors.  With one exception, with which we will deal more at length, we find nothing prejudicially erroneous.  It certainly does not affirmatively appear from the record that the accused was prejudiced by the admission or rejection of any evidence offered against or for him, or that he was prejudiced by any instruction to the jury.

Consequently, under Section 13449-5, General Code, there should not and will not be a reversal on any of these claimed grounds.

The serious question involved is the actual conviction of the accused of murder in the second degree. This offense is defined by Section 12403, General Code, and it is essential to a conviction thereunder that there be evidence beyond a reasonable doubt that the accused purposely and maliciously killed another.  From this record there is not sufficient evidence of either purpose or malice, and the conviction on that charge cannot be sustained.  However, as we view it, there was adequate evidence of the unlawful killing, and that the accused was guilty, under Section 12404, General Code, of manslaughter in the first degree.

Accordingly, we act in accordance with subsection 4 of Section 13449-1, General Code, which reads:

"4. That the verdict is not sustained by sufficient

evidence, or is contrary to law; but if the evidence shows the defendant to be not guilty of the degree of crime for which he was convicted, but guilty of a lesser degree thereof, or of a lesser crime included therein, the court may modify the verdict or finding accordingly, without granting or ordering a new trial, and pass sentence on such verdict or finding as modified, and this power shall extend to any court to which the cause may be taken by proceedings in error * * *."

It is, therefore, the judgment of this court that the judgment of the Court of Common Pleas be modified accordingly, without the granting or ordering of a new trial. It is ordered further that this cause be remanded to the Court of Common Pleas, under the provisions of Section 13459-6, General Code, with instructions to carry this order of modification into effect and impose a sentence such as is authorized by Section 12404, General Code.

*Judgment accordingly.*

McClintock, P. J., and Putnam, J., concur.